FILED 05 JUL '11 10:32 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | | |
|---|---|---|
| RONNIE SCOTT MEDINGER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 11-3014 -HO |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TREVOR ARNOLD, City of Medford | ) | |
| Police Officer, in his individual | ) | |
| and official capacities; JAMES | ) | |
| BARRINGER, City of Medford | ) | |
| Police Officer, in his individual | ) | |
| and official capacities; THE CITY | ) | |
| OF MEDFORD, a public entity; | ) | |
| RACHAEL BRIDGES, Jackson County | ) | |
| Assistant District Attorney, in | ) | |
| her individual capacities; | ) | |
| JACKSON COUNTY, a public entity, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## INTRODUCTION

On February 3, 2011, *pro se* plaintiff Ronnie Medinger

(Medinger) filed a civil rights complaint against defendants City

of Medford Police Officer Trevor Arnold; City of Medford Police

1 - ORDER

Officer James Barringer; the City of Medford; Jackson County
Assistant District Attorney Rachael Bridges and Jackson County.
[#2]. The complaint alleges that on February 9, 2009, plaintiff
was arrested without probable cause and placed in custody where
he remained from February 9, 2009, until April 17, 2009. [#2-
p.3,¶ 12]. Medinger alleges that on April 2, 2009, he appeared
before the Honorable Timothy Barnack who ruled he was arrested
without probable cause. [#2-p.4,¶ 17]. This ruling was
allegedly affirmed by the Oregon Court of Appeals on April 28,
2011. [#2-p.4,¶¶ 18-19]. Medinger seeks declaratory relief and
$500,000 damages. [#2-p.5,¶¶ 24-30].

Defendant Bridges moves to dismiss plaintiff's complaint for
failure to state a claim. [#19].

## DISCUSSION

Defendant Bridges moves to dismiss all claims against her,
with prejudice, arguing that plaintiff has failed to articulate a
cognizable legal theory and his claims against her are barred by
prosecutorial immunity. [#19; #20].

### 1. Motion to Dismiss Standard:

A Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) is proper
only where there is a lack of a cognizable legal theory or the
absence of sufficient facts alleged under a cognizable theory.
*Balisteri v. Pacific Police Dept.*, 901 F.2d 696,699 (9th
Cir.1990). The issue is not whether the plaintiff is likely to

2 - ORDER

succeed on the merits but if the complaint is sufficient to
entitle the plaintiff to proceed beyond the pleadings in an
attempt to establish his claim. *De La Cruz v. Torrey,* 582 F.2d
45, 48 (9th Cir 1978). Under these standards, leave to amend a
deficient complaint must be granted "... [u]nless it is
absolutely clear that no amendment can cure the defects." *Lucas
v. Dep't of Corrections,* 66 F.3d 245, 248 (9th Cir. 1995).

## 2. Background:

The following are contentions set forth in plaintiff's
complaint. Plaintiff alleges that on February 9, 2009, he "was
arrested without probable cause by officer Barringer when
plaintiff was walking down the street southbound on Riverside
road in Medford, Oregon." [#2-p.3,¶ 12]. Plaintiff alleges that
Officer Barringer then "drove plaintiff to the scene of an
alleged crime where officer Arnold illegally searched plaintiff."
[#2-p.3,¶ 13]. The officers then took plaintiff to the Jackson
County jail where he was "booked . . . for a parole violation."
[#2-p.3,¶ 13[1]]. Bridges secured an indictment against plaintiff
on February 22, 2009. [#2-p.3,¶ 15]. Plaintiff remained in
custody from February 9, 2009 through April 17, 2009. [#2-p.4,¶
16]. On April 2, 2009, Jackson County Circuit Court Judge
Timothy Barnack found there was no probable cause to arrest

---

[1]  Plaintiff's complaint contains two paragraphs numbered
13. This is the second paragraph 13.

3 - ORDER

plaintiff.  [#2-p.4,¶ 17]. Plaintiff alleges that defendant
Bridges appealed that ruling which was affirmed by the Court of
Appeals on April 28, 2010.  [#2-p.4,¶¶ 18-19].

### 3.  Prosecutorial Immunity:

Plaintiff asserts claims against all defendants of Fourth,
Fifth, Eighth and Fourteenth Amendment violations "resulting
[from] his [u]nlawful detention, imprisonment and malicious
prosecution".  [#2-p.1,¶ 1; p.4,¶ 22].

Plaintiff's claims against defendant Bridges are entirely
based on her actions initiating and prosecuting plaintiff and
thus, actions undertaken in her capacity as an Assistant District
Attorney for the County of Jackson.  Similarly, any activity that
Ms. Bridges undertook in her capacity as a Jackson County
Assistant District Attorney appealing Judge Barnack's ruling, was
to present the state's case.  Plaintiff does not allege any
action by Ms Bridges that was not solely related to the criminal
proceedings against him.

As a state prosecutor, Assistant District Attorney Bridges
has absolute prosecutorial immunity.  *Meyers v. Contra Costa Co.
Dept. Soc. Serv.*, 812 F.2d 1154, 1156 (9th Cir. 1987); see also
*Imbler v. Pachtman,* 424, U.S. 409, 430 (1976).  This immunity is
expressly designed to permit prosecutors to perform their duties
without fear of even the threat of section 1983 litigation.
*Meyers.* 812 F.2d at 1156.

4 - ORDER

Ms. Bridges' alleged actions in this matter solely involve her duties as a prosecutor for the County of Jackson in the judicial and appellate process of a criminal matter and are therefore actions for which she is entitled to absolute immunity.

CONCLUSION

Based on the foregoing, all claims against Defendant Bridges are dismissed. Defendant's Motion to Dismiss [#19] is GRANTED.

IT IS SO ORDERED

DATED this   5%   day of July, 2011.

UNITED STATES DISTRICT JUDGE

5 - ORDER